UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARDINAL RICHARDSON,

    Plaintiff,

v.                                        Case No:   8:25-cv-01560-JLB-NHA

SEMINOLE TRIBE OF FLORIDA, *a federally recognized Indian Tribe*, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Cardinal Richardson's Notice of Consent to Dismissal Without Prejudice (Doc. 25), which this Court construes as a motion. Plaintiff seeks dismissal without prejudice of Counts I, II, and V of its Amended Complaint (Doc. 11). After careful consideration, the Motion is **GRANTED in part**.

Plaintiff originally filed this action in Florida state court against the Seminole Tribe of Florida, the Seminole Tribe of Florida, Inc., Seminole Hard Rock International, LLC, Alliant Specialty Insurance Services, Inc., and the United States of America (collectively, "the Defendants"). (Doc. 1-1). Plaintiff brought counts I, II, and V against the United States under the Federal Tort Claims Act (FTCA). (Doc. 1-1). The United States removed the action to this Court, asserting jurisdiction pursuant to 28 U.S.C. § 2679(d), providing that

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of

>the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

(Doc. 1). The United States moved to substitute itself for the Seminole Tribe of Florida as the defendant for counts I, II, and V. It included a Certification that the Seminole Tribe of Florida was acting within its scope of employment with the federal government at the relevant time. (Doc. 4; Doc. 4-1). Accordingly, the Court granted the Motion. (Doc. 8).

Now, Plaintiff seeks dismissal of all claims brought against the United States (*i.e.*, the FTCA claims). (Doc. 25 at 5). Specifically, Plaintiff admits that he has not exhausted administrative remedies prior to bringing counts I, II, and V against the United States as required by 28 U.S.C. § 2675(a). (Doc. 25 at 5); *see Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) (affirming the district court's dismissal of plaintiff's FTCA claims because "[plaintiff] did not exhaust his administrative remedies under the FTCA"). No opposing party has filed an answer or a motion for summary judgment. Accordingly, counts I, II, and V of Plaintiff's Amended Complaint (Doc. 11) are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) ("Rule 41(a) allows a district court to dismiss all claims against a particular defendant.") (citation and emphasis omitted). As

counts I, II, and V were the only claims brought against the United States, the United States is terminated from this action.

As for Plaintiff's remaining claims, he has filed a Motion to Remand (Doc. 29). The Motion is unopposed by the remaining Defendants. (Doc. 33). Upon consideration of the foregoing and the merits of the Unopposed Motion, the Court finds that Plaintiff's motion to remand is due to be **GRANTED**.

Last, Plaintiff's Notice of Consent to Dismissal Without Prejudice requests that this Court recognize that any administrative claim filed with the Bureau of Indian Affairs within sixty days after the entry of dismissal be deemed timely. (Doc. 25 at 5). 28 U.S.C § 2679(d)(5) deems timely an action from a plaintiff who files an administrative claim after the FTCA's two-year statute of limitations has run but less than sixty days after the federal claim is dismissed. However, this Court declines to address a timeliness argument for claims no longer before it.

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's Consent to Dismissal Without Prejudice as to Counts I, II, and V of the Amended Complaint (Doc. 25) is **GRANTED in part and DENIED in part**.

(2) The Consent is **GRANTED** to the extent that the Court **DISMISSES without prejudice** Counts I, II, and V of the Amended Complaint (Doc. 11) and **DENIED** to the extent that it seeks any other relief.

(3) The Clerk of Court is **DIRECTED** to terminate the United States from this action.

(4) Plaintiff's Unopposed Motion to Remand the Action to State Court (Doc. 29) is **GRANTED**.

(5) Defendant United States of America's Motion to Dismiss (Doc. 13) is **DENIED as moot**.

(6) Defendants Alliant Specialty Insurance Services, Inc.'s, Seminole Hard Rock International, LLC's, Seminole Tribe of Florida's, and The Seminole Tribe of Florida, Inc.'s Motion to Dismiss (Doc. 15) is **DENIED as moot**.

(7) This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk of Court is **DIRECTED** to transmit a certified copy of this order to the Hillsborough County, Florida, Clerk of Court, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Tampa, Florida, on December 1, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE